IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FLOYD E. RUSSELL                                                          PLAINTIFF

v.                            CIVIL NO. 08-3020

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Floyd E. Russell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**     **Procedural Background**:

Plaintiff protectively filed his current application for DIB and SSI on July 31, 2003, alleging an inability to work since January 10, 2002, due to a disorder of the back and obesity. (Tr. 55-58, 91, 397-399). An administrative hearing was held on June 17, 2005, at which plaintiff appeared with counsel and testified. (Tr. 408-462).

By written decision dated February 16, 2006, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 14).

AO72A
(Rev. 8/82)

However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). Specifically, the ALJ stated that impairments related to the musculoskeletal system (section 1.00) were considered when making the disability determination. The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry ten pounds frequently, twenty pounds occasionally; to push and/or pull the same amounts; to sit for a total of six hours in an eight-hour workday, two hours without interruption; and to stand and/or walk for a total of six hours in an eight-hour workday, two hours without interruption. (Tr. 15). The ALJ further found plaintiff is able to frequently twist and stoop and occasionally crouch and climb. (Tr. 15). With the help of a vocational expert, the ALJ determined plaintiff could perform other work as an interviewer and a packager. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, denied that request on March 14, 2008. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. 1). Both parties filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. 9, 10).

II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider

evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

AO72A
(Rev. 8/82)

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### **III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

The relevant evidence reflects the following. In January of 2002, plaintiff was injured while on-the-job. (Tr. 391). As a result of the injuries sustained in this accident and after more conservative treatment failed, plaintiff underwent an anterior cervical diskectomy with fusion

with bone graft on November 1, 2002. (Tr. 145-149, 151-157,161-183, 185-246, 306-307, 316-325). Following the surgery, plaintiff underwent physical therapy and in February of 2003, plaintiff's surgeon, Dr. Fereidoon Parsioon, opined plaintiff could perform light duty work. (Tr. 260, 262-263, 297). After reviewing plaintiff's functional capacity evaluation performance on April 17, 2003, finding plaintiff could perform medium level work, Dr. Parsioon opined plaintiff could not lift more than forty pounds. (Tr. 275, 281-292). During the relevant time period, plaintiff also complained of low back pain and received epidural steroid injections in April and May of 2004. (Tr. 329, 348-349, 379, 385).

In making the RFC determination, the ALJ states he assigns controlling weight to Dr. Parsioon's January 30, 2004, assessment indicating plaintiff could perform light work with some limitations. (Tr. 364-368). In giving this assessment controlling weight, the ALJ fails to discuss the fact that Dr. Parsioon indicated he had not seen plaintiff since June of 2003, and there is no indication that Dr. Parsioon reviewed the medical evidence during the intervening months between the last time he saw plaintiff and the time he completed the assessment.

In the assessment, Dr. Parsioon listed plaintiff's symptoms as occasional neck pain. (Tr. 364). The record after June of 2003, clearly shows plaintiff sought treatment in October of 2003, for low back pain. (Tr. 329). At that time plaintiff was diagnosed with lumbar strain. Plaintiff complained of back pain again in November and December of 2003. (Tr. 348-349). In April of 2004, plaintiff underwent a CT scan of the lumbar spine that revealed the following:

> Low grade degenerative changes with concentric degenerative disc bulging at L2-L3 and L3-L4. L4-L5 also demonstrates this concentric degenerative disc bulging but it is also asymmetric off to the right in a paramedian and neuroforaminal position. This should be symptomatic. There is also facet degenerative change and ligamentum flavum thickening, especially at L4-L5. None of these areas

>shows a significant central spinal stenosis by actual measurement, but this L4-L5 level with right paramedian and foraminal disc protrusion is abnormal especially.

(Tr. 385). That same day, plaintiff underwent an epidural steroid injection which he reported provided minimal benefit. (Tr. 382). After complaining of continued low back pain with radiating pain in his right upper leg, plaintiff received a second steroid injection in May of 2004. (Tr. 379). The ALJ notes plaintiff was seen in the emergency room in March of 2005, and states the treatment notes reveal a forehead laceration but no evidence of tenderness in the spine or any motor or sensory deficits. A review of those treatment notes indicate plaintiff was intoxicated upon arrival and a thorough exam was done in spite of plaintiff not complaining of any pain anywhere other than his usual chronic pain. (Tr. 377). It is clear that Dr. Parsioon's assessment only includes plaintiff's medical records and complaints as of June of 2003, the last time plaintiff was seen by him. As such, the RFC relied upon by the ALJ does not address plaintiff's chronic lower back pain with some radiation in to the right leg. The CT scan in April of 2004, clearly establishes plaintiff has evidence to support his complaints of lower back pain. After reviewing the entire evidence of record, we believe remand necessary so that the ALJ can more fully and fairly develop the record regarding plaintiff's lower back pain.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff - - including, Dr. Tammy Hale-Tucker - - asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*,

AO72A
(Rev. 8/82)

788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ should also ask the above physicians what impact plaintiff's obesity has on his ability to perform activities of daily living. With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

We would also point out that plaintiff alleges disability since a work accident on January 11, 2002. The record reveals after the accident plaintiff was instructed to stay off of work from the time period of his accident until February 19, 2003, when Dr. Parsioon opined plaintiff could perform light duty work. (Tr. 296, 300, 312, 316, 324, 391). As it appears plaintiff may have been told to remain off work for a twelve month period of time, we suggest the ALJ discuss plaintiff's apparent inability to work during this time period.

### IV.  Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of July, 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE